■ Rose L. Steinberg et al., Appellants, et al., Plaintiffs, v. Richard W. Altschuler et al., Respondents, et al., Defendants.— Order entered August 31, 1960 denying plaintiffs' motion for examination before trial of certain individual defendants, reversed on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion granted to the extent of directing that the defendant Herbert J. Yates appear and be examined before trial at Special Term, Part II, at a time to be agreed upon by the parties or to be fixed by Special Term, with $10 costs. The examination shall be limited to Items 1, 2, 7, 8, 11A-11D, 13A, 13C, 14A, 14C, 15A, 15C, 17, 18 and 19, with limitation however of Item 7 to cover only period from January 1, 1950 to date and with limitation of Item 17 to cover only such sales as were not made in the regular course of business of the corporation. Such examination as is here granted is without prejudice to the application for a further examination before trial of the defendants upon a showing that such further examination is justified. In order for plaintiffs to obtain an examination before trial in a stockholders' derivative action, they must establish special circumstance (New York County Supreme Court Trial Term Rules, rule XI, subd. 7; Bronx County Supreme Court Rules, rule XX, subd. 7) and such examination will be denied or limited " unless supported by factual allegations of evidentiary value to establish the charges of improper conduct". (*Van Aalten* v. *Mack*, 7 A D 2d 289.) Here, in the case at bar, it does appear by way of special circumstances that, during the period said Herbert J. Yates was president of the defendant corporation and active in the conduct of the business thereof, his wife, his two sons, a brother-in-law and a son-in-law were employed by the corporation with payment to them of substantial compensation from the funds of the corporation. In fact, it appears that the woman who became his wife, prior to and during her marriage to him, was promoted and used for many years as a principal actress in feature pictures produced by the corporation; that such pictures were ventures which were costly and that the financial success of the same is questioned. These matters are the subject of specific allegations in the complaint tending to charge individual defendants, including said Yates, with wrongdoing in connection therewith. Consequently, we believe that a pretrial examination, with the scope thereof clearly delineated, is justified (see *Manacher* v. *Central Coal Co.*, 7 A D 2d 208) but there being no proper showing of factual support for the broad general allegations of wrongdoing in the complaint, the examination should be limited as hereinbefore provided. Settle order on notice. Concur — Valente, J. P., McNally, Stevens and Eager, JJ.